# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**LEVI WHITE**                                                              **PLAINTIFF**
**#6170**

v.                  **CASE NO. 3:23-CV-00003-BSM**

**ERIC MOORE, Chief,**
**Harrisburg Police Department,** *et al*.                      **DEFENDANTS**

## ORDER

All of Levi White's claims are dismissed except for his excessive force claim against Eric Moore in his individual capacity. White's motion to appoint counsel [Doc. No. 6] is denied without prejudice.

White's amended complaint is subject to screening. *See* 28 U.S.C. § 1915A. White is suing Harrisburg Police Chief Eric Moore, the Poinsett County Jail, NEA Baptist Memorial Hospital, and the Harrisburg Police Department. Doc. No. 7 at 4. He alleges that, while he was receiving treatment at the hospital, Moore kept talking to the staff about his treatment, insisting on being present during a urinalysis, and, when White was unable to complete the urine testing, demanding that the hospital release White without further treatment. *Id.* at 5. He further alleges that Moore and an unknown NEA security guard assaulted him in the hospital parking lot and that once he was taken to the Poinsett County Jail, Moore punched him three times in the face, repeatedly tased him while he was restrained in hand and leg cuffs, and pepper sprayed him in the face, crotch, and anus. *Id.*

The Poinsett County Jail, the NEA Hospital, and the Harrisburg Police Department are dismissed because they are entities that cannot be sued under section 1983. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir.2003) (county jails are not amendable to suit); *Ketchum v. City of West Memphis*, 974 F.2d 81 (8th Cir. 1992) (police departments and paramedic services are not amenable to suit). Any official capacity claims against Moore are dismissed because they are essentially claims against the city, which require White to show that Moore acted pursuant to an official policy or custom of the city, or that he acted with deliberate indifference, or the city failed to train him. Dismissal is appropriate because White has failed to meet either of these requirements. *Corwin v. City of Independence, Missouri*, 829 F.3d 695, 699 (8th Cir. 2016) (citing *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)).

The clerk's office is directed to prepare a summons for Moore and deliver it along with a copy of the complaint, amended complaint, and this order to the U.S. Marshal for service, without requiring prepayment of fees and costs or security. Chief Moore may be served through the Harrisburg Police Department, 202 East St., Harrisburg, AR 72432.

IT IS SO ORDERED this 14th day of April, 2023.

                                                  /s/ Brian S. Miller
                                                  UNITED STATES DISTRICT JUDGE