## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**LEVI LLOYD WHITE**
**# 617498**                                                                                    **PLAINTIFF**

**v.**                                    **CASE NO. 3:23-CV-00003-BSM**

**ERIC MOORE, Chief,**
**Harrisburg Police Department**                                               **DEFENDANT**

### ORDER

Eric Moore's motions to deem admitted all facts in his statement of undisputed

material facts [Doc. No. 44] and for summary judgment [Doc. No. 37] are granted.

### I.  BACKGROUND

Harrisburg Police Sergeant Don Morgan arrested Levi White pursuant to an arrest

warrant.  Statement of Facts ¶ 1, Doc. No. 39 ("SOF").  Morgan transported White to the

Poinsett County Detention Center.  SOF ¶ 2.  When they arrived at the jail, White fell to the

floor and told jail personnel that his chest was hurting.  Morgan arranged for White to be

taken by ambulance to North East Arkansas Hospital in Jonesboro.  *Id.* ¶ 3.  Harrisburg

Police Chief Eric Moore followed the ambulance to the hospital.  *Id.* ¶ 4.  The medical staff

at the hospital performed tests on Moore that came back with normal results.  *Id.* ¶¶ 5–6.  The

hospital consequently discharged White back to police custody.  *Id.* ¶ 7.  White then became

verbally combative, refusing to leave the hospital and telling Moore that he would have to

carry him out. *Id.* ¶ 8.  Five or six hospital security staff helped Moore get White to his patrol

car while White struggled, cursed, and threatened the staff.  *Id.* ¶ 9.  In the hospital parking

lot,  White refused to get into the patrol car and hospital security had to help Moore place White inside.  *Id.* ¶ 10.  White alleges that a hospital security guard punched him three times in the shoulder during the struggle to place him in the patrol car, .  *Id.* ¶ 11.  White continued his unruly behavior on the drive back to the jail, including rolling down and leaning out of the rear passenger window, which prompted Moore to run his lights and sirens for the remainder of the drive.  *Id.* ¶¶ 12–14.  Once Moore and White arrived at the jail's booking area, White was placed on a bench where his leg was restrained.  *Id.* ¶ 15.  Security camera footage shows that White behaved aggressively in the booking area, including shouting, standing up, waving his arms, moving threateningly toward officers and jail staff, and throwing things.  *Id.* ¶¶ 16–17.

White's aggressive and threatening behavior continued as he verbally resisted the efforts of officers and jail staff to get him to change into jail clothes and sit in a restraint chair.  *Id.* ¶¶ 19–38.  Eventually, the officers forcibly placed White in the restraint chair.  *Id.* ¶ 39.  White began physically resisting, struggling to pull away, pushing officers and jail staff across the room, falling to the floor, thrashing around, refusing to stand, and attempting to prevent the officers from putting him in the chair.  *Id.* ¶¶ 40–47.  He continued to physically resist efforts to place him in the restraint chair even after one of the jailers displayed her taser and threatened to use it.  *Id.* ¶¶ 48–49.  Moore then took the taser and used it in drive stun mode on White's shoulder for about two seconds.  *Id.* ¶¶ 50–51.  When White continued to resist, Moore used the taser's drive stun function again, on White's upper back.  *Id.* ¶ 52.  At that point, the officers were finally able to pick White up and seat him in the chair.  *Id.* ¶ 53.

But White continued to struggle against the officers as they tried to secure him in the chair and even threatened to kill them.  *Id.* ¶¶ 54, 56.  Moore held White across his shoulder while two other officers worked to secure his arms and legs to the chair.  *Id.* ¶ 55.  Once they secured White's legs, Moore let go of him, but White turned and bit Moore on his hand.  *Id.* ¶¶ 57–59.  He then attempted to bite Moore a second time, at which point Moore struck White several times to prevent White from biting him again.  *Id.* ¶ 60.  After White was restrained in the chair, he was rolled into the holding cell and had no further contact with Moore. *Id.* ¶ 61.  Moore never sprayed White with pepper spray.  *Id.* ¶ 62.

White was charged with terroristic threatening, aggravated assault, and attempted escape.  *Id.* ¶ 63.  He pled guilty to terroristic threatening.  *Id.* ¶ 64.

## II.  LEGAL STANDARD

An assertion of fact by a party moving for summary judgment that is not properly addressed by the other party may be considered "undisputed for purposes of the motion." Fed. R. Civ. P. 56(e).  Likewise, all material facts in the statement of facts filed by the party moving for summary judgment are deemed admitted unless controverted by the non-moving party's statement of the material facts on which it contends a genuine issue exists to be tried. United States District Court Rule for the Eastern and Western Districts of Arkansas 56.1. To create a genuine dispute as to an assertion of fact, such statement must cite specific supporting materials in the record or show that the moving party's citations to the record do not support its assertions.  Fed. R. Civ. P. 56(c)(1).

Summary judgment is appropriate when there is no genuine dispute as to any material

fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings.  *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial.  *Id.*  All reasonable inferences must be drawn in a light most favorable to the nonmoving party.  *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007).  The evidence is not weighed, and no credibility determinations are made.  *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III.  DISCUSSION

### A.    Motion to Deem Facts Admitted

Moore's motion to deem admitted all facts in his statement of undisputed material facts is granted because White has failed to properly dispute Moore's factual assertions as required by Federal Rule of Civil Procedure 56 and Local Rule 56.  *See Jackson v. Ark. Dep't of Educ., Vocational & Tech. Educ. Div.*, 272 F.3d 1020, 1027 (8th Cir. 2001).

### B.    Motion for Summary Judgment

Moore's motion for summary judgment is granted because he did not use excessive force against White.  White alleges that Moore used excessive force by (1) assaulting him in the hospital parking lot; (2) pepper-spraying him; (3) tasing him while he was in the restraint chair; and (4) striking him while he was in the restraint chair.  White has admitted however, that Moore was not the person who punched him in the hospital parking lot or

4

pepper-sprayed him.   Deposition of Levi White 20:1–13, 24:19–25, Doc. No. 39-2. Summary judgment is proper on White's claims arising from these uses of force because he has not shown that Moore was directly responsible for them and may not hold Moore vicariously liable under 42 U.S.C. section 1983.  *See Stewart v. Precythe*, 91 F.4th 944, 949 (8th Cir. 2024) (respondeat superior and other theories of vicarious liability do not apply in a section 1983 suit).  Because Moore tased and struck White, the claims related to these actions are addressed in greater detail.

Claims of excessive force brought by detainees in custody are evaluated under the Fourth Amendment "objective reasonableness" standard, which  requires courts to balance the detainee's Fourth Amendment interests against the relevant governmental interests. *Westwater v. Church*, 60 F.4th 1124, 1128 (8th Cir. 2023) (citation omitted).  Courts consider the totality of relevant circumstances, including "whether the suspect poses an immediate threat to the safety of the officer or others . . . [or] is actively resisting arrest . . . ."  *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  Whether a particular use of force was reasonable is an issue of law and is considered "from the perspective of a reasonable officer on the scene . . . ."  *Brossart v. Janke*, 859 F.3d 616, 624 (8th Cir. 2017) (quoting *Cnty. of L.A. v. Mendez*, 581 U.S. 420, 427 (2017)).

Summary judgment is granted on White's excessive force claim arising out of Moore's tasing him while he was restrained because Moore's use of force was reasonable. This is true because it is reasonable for an officer to use a taser on a detainee who is restrained but who is physically resisting efforts to move or secure him.  *See Franklin v.*

5

*Franklin Cnty., Ark.*, 956 F.3d 1060, 1061–62 (8th Cir. 2020); *Brossart*, 859 F.3d at 626; *Ryan v. Armstrong*, 850 F.3d 419, 424, 428 (8th Cir. 2017).  There is no dispute that White was violently resisting efforts to secure him to the restraint chair when he was tased.  SOF ¶¶ 40–52. Therefore, Moore's use of force was reasonable under the circumstances and he is entitled to qualified immunity on this claim.

Summary judgment is also granted on White's excessive force claim arising out of Moore's striking him while he was restrained because Moore's use of force was reasonable.  There is no dispute that White violently struggled while being secured in the restraint chair, bit Moore's hand, and was attempting to bite him again when Moore struck him in the head.  SOF ¶¶ 54–60.  This is one of those often cited occasions when it was reasonable for the officer to subdue or restrain the detainee by striking him in the head with a hand or fist when the detainee was violently resisting and had struck or attempted to strike the officer.  *See Winters v. Adams*, 254 F.3d 758, 765 (8th Cir. 2001); *Schoettle v. Jefferson Cnty.*, 788 F.3d 855, 858–60 (8th Cir. 2015); *cf. Wertish v. Krueger*, 433 F.3d 1062 (8th Cir. 2006) (no excessive force when officer struck suspect in the back of the head with his elbow after suspect ignored commands to place his hands behind his back).  Therefore, Moore's use of force was reasonable under the circumstances and he is entitled to qualified immunity on this claim.

## IV.  CONCLUSION

For the foregoing reasons, Moore's motion for summary judgment is granted and all of White's claims are dismissed with prejudice.

IT IS SO ORDERED this 8th day of April, 2024.

_____
UNITED STATES DISTRICT JUDGE